UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWAHER POLUS,<br><br>                    Plaintiff,<br><br>v.<br><br>SHARP HEALTHCARE; UNITED STATES OF AMERICA; and DOES 1 through 50,<br><br>                    Defendants. | Case No.: 20-CV-2253 JLS (LL)<br><br>**ORDER GRANTING DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS**<br><br>(ECF No. 3) |

       Presently before the Court is the United States of America's (the "United States") Motion to Dismiss ("Mot.," ECF No. 3). No opposition to the Motion has been filed.

       The Ninth Circuit has held that, pursuant to a local rule, a district court may properly grant a motion to dismiss for failure to respond to a motion. *See generally Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely opposition papers where plaintiff had notice of the motion and ample time to respond). Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c) provides: "If an opposing party fails to file [an opposition] in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The

hearing for the present Motion was set for December 17, 2020 at 1:30 p.m.; thus, any opposition was due on December 3, 2020.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Plaintiff has not provided any excuse for her failure to timely file an opposition to the present Motion. The Court cannot continue waiting for Plaintiff to take action, and a case cannot move forward when the plaintiff fails to defend its case. Further, Plaintiff is represented by an attorney and nonetheless has failed to comply with the rules of procedure. *See Holt v. I.R.S.*, 231 Fed. App'x. 557, 558 (9th Cir. 2007) (holding court did not abuse its discretion in dismissing action for failure to file an opposition and rejecting plaintiff's contention that the district court should have warned her of the consequences of failing to file an opposition).

As to the third factor, the Court finds no risk of prejudice to Defendants if it dismisses the United States from this matter. In fact, the United States has requested the dismissal. Thus, this factor also weighs in favor of dismissal. As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Still, the Court did employ

the less drastic alternative of giving notice to the Parties that no opposition had been filed. On December 14, 2020, the Court filed an Order vacating the hearing on the Motion and taking the matter under submission. *See* ECF No. 5. In that Order, the Court noted that no opposition had been filed. *See id.* Still, Plaintiff filed no opposition. This factor therefore weighs in favor of dismissal as well.

Finding that the *Ghazali* factors weigh in favor of granting the United States' unopposed Motion, the Court **GRANTS** the United States' Motion and **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against the United States. Plaintiff **MAY FILE** an amended complaint realleging her claims against the United States if and when she can allege exhaustion of her administrative remedies such that this Court has subject matter jurisdiction over the claims in question.

**IT IS SO ORDERED.**

Dated: December 18, 2020

Hon. Janis L. Sammartino
United States District Judge