UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWAHER POLUS,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>SHARP HEALTHCARE; UNITED STATES OF AMERICA; and DOES 1 through 50,<br><br>　　　　　　　　Defendants. | Case No.: 20-CV-2253 JLS (LL)<br><br>**ORDER (1) VACATING AUGUST 5, 2021 HEARING, (2) REJECTING LATE-FILED OPPOSITION TO MOTION FOR JUDGMENT ON THE PLEADINGS, AND (3) GRANTING UNOPPOSED MOTION**<br><br>(ECF Nos. 13, 18) |

　　　Presently before the Court is Defendant Sharp Healthcare's Motion for Judgment on the Pleadings ("Mot.," ECF No. 13).  Pursuant to Civil Local Rule 7.1(e)(2), Plaintiff Jawaher Polus's opposition to the Motion was due on or before July 22, 2021. *See* S.D. CivLR 7.1(e)(2).  On July 28, 2021, Defendant filed a Notice of Plaintiff's Non-Opposition to Defendant's Motion (ECF No. 17), which apparently prompted Plaintiff to file an untimely Opposition to Defendant's Motion the following day ("Opp'n," ECF No. 18). Defendant has since filed an Objection to the Opposition ("Obj.," ECF No. 19).  A hearing on this matter is scheduled for August 5, 2021.  The Court finds this matter appropriate for disposition without oral argument and therefore **VACATES** the hearing and takes the matter under submission pursuant to Civil Local Rule 7.1(d)(1).  The Court further **REJECTS** the late-filed Opposition and **GRANTS** the Motion, for the reasons that follow.

**LATE-FILED OPPOSITION**

As an initial matter, the Court rejects Plaintiff's late-filed Opposition. Pursuant to Federal Rule of Civil Procedure 6(b)(1)(B), "[w]hen an act . . . must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." In assessing "excusable neglect," courts analyze the four "*Pioneer* factors": "(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 855 (9th Cir. 2004) (en banc) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). Ultimately, the weighing of the *Pioneer* factors is "entrusted to the discretion of the district court." *Id.* at 859; *see also id.* at 860 ("[W]e leave the weighing of *Pioneer*'s equitable factors to the discretion of the district court in every case.").

Plaintiff has not, in accordance with Rule 6(b)(1)(B), moved for an extension, instead simply filing her untimely Opposition. Even overlooking this deficiency, however, the *Pioneer* factors counsel against acceptance of the late-filed Opposition. The first factor weighs against accepting the Opposition because Defendant would be prejudiced should the Court do so. Defendant's time to file a reply had essentially lapsed by the time the Opposition was filed, *see* Obj. at 2; further, should the Court accept the Opposition, Defendant would have to expend resources drafting a reply it no longer anticipated needing to file. The second factor is more or less neutral; although Plaintiff's reply was only a week late, this case has been pending for more than eight months, and an Early Neutral Evaluation Conference is scheduled for August 9, 2021. *See generally* Docket. Thus, Plaintiff's delay, while minimal, could impact the proceedings, particularly should the Court extend the briefing schedule for the Motion to permit Defendant to file a reply.

The third factor, however, weighs strongly against accepting the Opposition. "[T]he stated reason for the delay is the factor considered to be the linchpin in deciding whether

1  carelessness or neglect is excusable," *In re Pelle*, 571 B.R. 846, 853 (Bankr. C.D. Cal.
2  2017), yet Plaintiff has provided no reason whatsoever for her late filing. Given that the
3  Opposition was filed one day after Defendant filed its Notice, however, the Court presumes
4  that Plaintiff's counsel either was ignorant of the deadline or failed to calendar it
5  appropriately. Either way, while there is "[n]o rigid legal rule against late filings
6  attributable to any particular type of negligence," *Pincay*, 389 F.3d at 860, in *Pioneer*, the
7  Supreme Court recognized that "inadvertence, ignorance of the rules, or mistakes
8  construing the rules do not usually constitute 'excusable' neglect," 507 U.S. at 392. And,
9  in *Pincay*, the Ninth Circuit "recognize[d] that a lawyer's failure to read an applicable rule
10 is one of the least compelling excuses that can be offered." 389 F.3d at 859. Although the
11 Ninth Circuit in *Pincay* upheld the district court's finding of excusable neglect, it noted
12 that, "[h]ad the district court declined to permit the filing of the notice, we would be hard
13 pressed to find any rationale requiring us to reverse." *Id*. Plaintiff's failure to comply with
14 the Local Rules is all the more notable here given that Plaintiff previously failed to oppose
15 a motion to dismiss filed by the United States of America. *See* ECF Nos. 3, 6.

16       The fourth factor weighs in favor of accepting the late-filed Opposition, as there is
17 no indication that Plaintiff's counsel acted in bad faith. However, on balance, the Court
18 finds that the *Pioneer* factors weigh against accepting Plaintiff's late-filed Opposition.
19 Accordingly, the Court **REJECTS** the Opposition (ECF No. 18).

20 <center>**MOTION FOR JUDGMENT ON THE PLEADINGS**</center>

21       The Ninth Circuit has held that, pursuant to a local rule, a district court may properly
22 grant a motion to dismiss for failure to respond to a motion. *See generally Ghazali v.*
23 *Moran*, 46 F.3d 52, 53 (9th Cir. 1995) (affirming dismissal for failure to file timely
24 opposition papers where plaintiff had notice of the motion and ample time to respond).
25 The Ninth Circuit has applied the same principle to motions for judgment on the pleadings.
26 *See Heneage v. DTE Energy*, 614 F. App'x 893, 894 (9th Cir. 2015) (citation omitted).

27       Here, a local rule allows the Court to grant the Motion. Civil Local Rule 7.1(f)(3)(c)
28 provides: "If an opposing party fails to file [an opposition] in the manner required by Civil

Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Unless the Court orders otherwise, pursuant to Civil Local Rule 7.1(e)(2), an opposition must be filed 14 days prior to the noticed hearing. The hearing for the present Motion was set for August 5, 2021, at 1:30 p.m.; thus, any opposition was due on July 22, 2021.

In determining whether to dismiss an action, the court is required to weigh several factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor always weighs against dismissal). Therefore, the Court considers the substance of factors two, three, and five.

Here, the second factor weighs in favor of dismissal. The Court must manage its docket to ensure the efficient provision of justice. Plaintiff had notice of the Motion yet failed to file a timely opposition. Plaintiff's late-filed Opposition provides no excuse for her failure to comply with the rules of procedure despite being represented by an attorney. As to the third factor, the Court finds no risk of prejudice to Defendant if it grants Defendant's own Motion and affords Defendant the relief it seeks. Thus, this factor also weighs in favor of dismissal. As to the fifth factor, where the plaintiff does not oppose dismissal, it is "unnecessary for the Court to consider less drastic alternatives." *Rodriguez v. Nationstar Mortg. LLC*, No. 2:16–CV–5962–ODW(SK), 2016 WL 4581402, at *1 (C.D. Cal. Sept. 1, 2016). Given that the Court has rejected the late-filed Opposition, this factor therefore weighs in favor of dismissal as well.

Finding that the *Ghazali* factors weigh in favor of granting Defendant's unopposed Motion, the Court **GRANTS** the Motion (ECF No. 13). However, while Defendant seeks

dismissal without leave to amend, *see id.* at 9, "[i]n the context of Rule 12(c), dismissal with prejudice is proper only if it is clear that no amendment could cure the defects identified in the complaint." *Shavelson v. Hawaii C.R. Comm'n*, No. CV 15-00055 LEK-RT, 2019 WL 3225886, at *5 (D. Haw. July 17, 2019) (citing *Harris v. Cty. of Orange*, 682 F.3d 1126, 1135 (9th Cir. 2012)).  Given that it is not clear that the defects identified by Defendant are incurable, the Court **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**.

## CONCLUSION

For the foregoing reasons, the Court **VACATES** the August 5, 2021 hearing, **REJECTS** Plaintiff's late-filed Opposition (ECF No. 18), and **GRANTS** Defendant's unopposed Motion (ECF No. 13).  The Court **DISMISSES** Plaintiff's Complaint (ECF No. 1-2) **WITHOUT PREJUDICE**.  Plaintiff **MAY FILE** an amended complaint curing the deficiencies identified in Defendant's Motion no later than thirty (30) days after the date on which this Order is electronically docketed.  Should Plaintiff fail to file an amended complaint within thirty (30) days, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment.  *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: July 30, 2021

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge