# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAWAHER POLUS,<br><br>         Plaintiffs,<br><br>v.<br><br>SHARP HEALTHCARE, et al.,<br><br>         Defendants. | Case No.: 3:20-cv-02253-RBM-KSC<br><br>**ORDER:**<br><br>**(1) SUA SPONTE REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) DENYING AS MOOT DEFENDANT SHARP HEALTHCARE'S MOTIONS TO STRIKE AND DISMISS THE FIRST AMENDED COMPLAINT**<br><br>**[Doc. 23]** |

On September 7, 2021, Defendant Sharp Healthcare ("Sharp") filed a motion to strike and dismiss Plaintiff Jawaher Polus's ("Plaintiff") first amended complaint ("FAC") for failure to state a claim (the "MTD"). (Doc. 23.) Plaintiff filed a brief in opposition to Sharp's MTD on October 7, 2021. (Doc. 24.) Sharp filed a reply brief in support of its MTD on October 11, 2021. (Doc. 25.) The MTD was taken under submission pursuant to the Court's October 14, 2021 order. (Doc. 26.)

For the reasons discussed herein, the Court **DENIES** as moot Sharp's MTD and *sua*

*sponte* **REMANDS** the case for lack of subject matter jurisdiction.

## I.  BACKGROUND

Plaintiff originally filed this action in California Superior Court, County of San Diego, Case No. 37-2020-00015534-CU-MM-CTL, in connection with the treatment and care received by Plaintiff during the labor and delivery of her child. (*See generally* Doc. 1.) Plaintiff named as Defendants Sharp, Edgar M. Bulloch ("Dr. Bulloch"), and Does 1 through 50. (*See id*.)

On November 19, 2020, the United States of America (the "United States") removed Plaintiff's state court case to this Court. (*Id*.) Removal was based on the grounds that Dr. Bulloch was a physician employee of the federally supported health center Borrego Community Health Foundation ("Borrego"). (*Id*. at 1-2.) Pursuant to the Federally Supported Health Centers Assistance Act, 42 U.S.C. §§ 233(g)–(n), the Secretary of Health and Human Services has deemed Borrego to be an employee of the Public Health Services for purposes of the Federal Tort Claims Act ("FTCA"), effective January 1, 2018. (*Id*. at 2.) The United States certified pursuant to 42 U.S.C. § 233(g) that Dr. Bulloch was acting within the scope of his employment as an employee of Borrego at the time of Plaintiff's labor and delivery and was thereby eligible for coverage under the FTCA. (Doc. 1-3 at 1-2.)

At the time of removal, the United States also filed: (1) notice of substitution of the United States in place of Dr. Bulloch (Doc. 2); and (2) a motion to dismiss for lack of subject matter jurisdiction. (Doc. 3.) The motion to dismiss was based on the grounds that Plaintiff failed to exhaust her administrative remedies, as required by 28 U.S.C. § 2675(a). (Doc. 3 at 4.) Plaintiff failed to file an opposition to the United States' motion to dismiss. (*See generally* Docket.) On November 20, 2020, the Court ordered the substitution of the United States as defendant in place of Dr. Bulloch. (Doc. 4.) On December 18, 2020, the Court granted the United States' motion to dismiss without prejudice due to Plaintiff's failure to respond to the motion. (Doc. 6 at 1-3.) The Court granted leave for Plaintiff to file an amended complaint if and when she could allege exhaustion of her administrative

2

remedies such that the Court would obtain subject matter jurisdiction over the claims in question. (*Id.* at 3.)

On July 1, 2021, Sharp filed a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). (Doc. 13.) Plaintiff failed to timely respond to Sharp's motion for judgment on the pleadings. (*See generally* Docket.) On July 28, 2021, Sharp filed a notice of Plaintiff's non-opposition to Sharp's motion (Doc. 17), which apparently prompted Plaintiff to file an untimely opposition to Sharp's motion the following day. (Doc. 18.) Sharp subsequently filed an objection to Plaintiff's untimely opposition. (Doc. 19.)

On August 2, 2021, the Court rejected Plaintiff's untimely opposition brief pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and granted Sharp's motion for judgment on the pleadings. (Doc. 20.) The Court dismissed Plaintiff's complaint without prejudice, and granted Plaintiff leave to file an amended complaint within 30 days of the Court's order. (*Id.* at 5.) The Court made clear that, should Plaintiff fail to file an amended complaint within 30 days, the Court would enter a final order dismissing the civil action based on Plaintiff's failure to prosecute. (*Id.*)

Plaintiff failed to abide by the Court's August 2, 2021 order and instead filed her FAC one day late, on September 2, 2021. (Doc. 22.) On September 7, 2021, Sharp filed the instant MTD. (Doc. 23.) Plaintiff filed her brief in opposition to the MTD on October 7, 2021 (Doc. 24), and Sharp filed its reply brief on October 11, 2021. (Doc. 25.)

## II.   DISCUSSION

The Court finds that it lacks subject matter jurisdiction over Plaintiff's remaining claims and must remand the matter. *See Smith v. Mylan Inc.*, 761 F.3d 1042, 1043 (9th Cir. 2014) (holding that a district court may "remand at any time prior to final judgment for lack of subject matter jurisdiction").

"It is a fundamental precept that federal courts are courts of limited jurisdiction." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties

of the United States" and in all civil actions where complete diversity of citizenship exists and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332.

Here, the Court lacks both federal question and diversity jurisdiction over Plaintiff's claim. The Court does not have federal question jurisdiction because Plaintiff's cause of action for negligence arises out of state law. *See* Doc. 22 at 3-4; *see also* 38 U.S.C. § 1331.[1] The Court also lacks diversity jurisdiction over the present action. For a federal court to exercise diversity jurisdiction there must be complete diversity between the parties and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a). Here, the FAC does not allege jurisdictional facts to satisfy the requirements for diversity jurisdiction, as both Plaintiff and Sharp are domiciled in California. (*See* Doc. 22 at 2.)

Additionally, to the extent the Court has supplemental jurisdiction over Plaintiff's state law claim against Sharp pursuant to 28 U.S.C. § 1367(a), exercise of such jurisdiction is declined. *See* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also Alvarez v. United States*, No. 16-CV-2959-DMS-BLM, 2017 WL 3723926, at *2 (S.D. Cal. Jan. 17, 2017) (declining to exercise supplemental jurisdiction and remanding medical malpractice case removed under Section 233(c) following the United States' dismissal from suit); *Medina v. United States*, No. 1:20-CV-01030-AWI-SKO, 2020 WL 6544497, at *2 (E.D. Cal. Nov. 6, 2020) (remanding action removed pursuant to Section 233(c), finding that "dismissing those claims [against the United States] extinguishes the only viable basis for federal

---

[1] The Court notes that Plaintiff's FAC alleges this Court has federal question jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 233, but neither the United States nor any other government defendant is named in Plaintiff's FAC. (*See* Doc. 22 at 2.) Additionally, Section 233(c) requires this Court to remand an action removed under Section 233 when the Court determines there is no remedy to be had against the United States. 28 U.S.C. § 233(c) ("Should a United States district court determine . . . that the case so removed is one in which a remedy by suit within the meaning of subsection (a) of this section is not available against the United States, the case shall be remanded to the State Court.").

jurisdiction, [and] there is no reasonable basis for exercising jurisdiction over Plaintiffs' remaining state law claims").

### III.   CONCLUSION

Because this Court lacks both federal question and diversity jurisdiction over Plaintiff's negligence claim, the Court *sua sponte* **REMANDS** this action for lack of subject matter jurisdiction to the California Superior Court, County of San Diego. The Court therefore **DENIES** Sharp's MTD as moot.

**IT IS SO ORDERED.**

DATE:  May 9, 2022

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE